IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BEINLICH and : | |
| LORI BEINLICH, : | |
|     Plaintiffs : | Civil Action No. 4:11-CV-00697 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| CHIEF EXPLORATION & : | |
| DEVELOPMENT LLC, <u>et al.</u>, : | |
|     Defendants : | |

## **MEMORANDUM ORDER**

Pending before the Court are Defendants' motions to dismiss Plaintiffs' request for fees. (Doc. Nos. 4, 5.)  For the reasons that follow, the Court will deem Defendants' motions as unopposed and will grant the motions.

Plaintiffs commenced this action on March 4, 2011, in the Court of Common Pleas for Sullivan County, asserting causes of action under Pennsylvania law.  (Doc. No. 1-1.) Defendants Craig Ian Burton; Chief Exploration & Development LLC; Denpeer Energy, L.P.; ECORP Resource Partners I, L.P.; Enerplus Resources (USA) Corporation; Giana Resource, LLC; MKR Holdings, LLC; Robert Quillin; Radler 2000 L.P.; Reach Petroleum, LLC; Edward E. Robbs; Rock Creek Ranch I, LTD; Schnerk Revocable Trust; Seaspin Pty, LTD; Source Oil and Gas, LLC; Texas E. Partners X; and XYR Oil and Gas, LLC, ("Removing Defendants") removed the action to this Court on April 13, 2011.  (Doc. No. 1.)  The complaint alleges, <u>inter alia</u>, that an oil and gas lease ("the Lease") Plaintiffs entered into with Defendant The Keeton Group, LLC,  (and later assigned to Removing Defendants) has expired and was not properly extended.

Defendants filed motions to dismiss Plaintiffs' request for fees on April 20, 2011, and

briefs in support on May 4, 2011.  (Doc. Nos. 4, 5, 7, 8.)  Following Plaintiffs' failure to respond to Defendants' motions, the Court issued orders on May 25, 2011, directing Plaintiffs to show cause by May 31, 2011, why Defendants' motions should not be deemed unopposed and granted pursuant to Local Rule 7.6.[1]  (Doc. Nos. 9, 10.)  Plaintiffs have failed to respond to the Court's orders to show cause.  As such, the Court deems Defendants' motions (Doc. Nos. 4, 5) unopposed pursuant to Local Rule 7.6.

Defendants assert that Plaintiffs' request for attorney's fees should be dismissed because neither the Lease between the parties nor any statute provides for an award of attorney's fees.  (Doc. No. 6 at 2; Doc. No. 10 at 3-4.)  The Court agrees.  Pennsylvania law applies to this action, including to Plaintiffs' request for attorney's fees.  Pennsylvania has adopted the American Rule, whereby attorney's fees are not recoverable from an adverse party "absent an express statutory authorization, a clear agreement by the parties or some other established exception."  Merlino v. Delaware Cnty., 728 A.2d 949, 951 (Pa. 1999).  In the present case, the Lease does not contain a provision for attorney's fees and the complaint does not cite to a statute that forms a basis for an award of attorney's fees.  (See Doc. Nos. 1-1, 1-1 Ex. C.)  Because Plaintiffs have failed to identify an express statutory authorization, contractual provision, or some other established exception that would warrant an award of attorney's fees in this action, Defendants' motions will be granted.

**ACCORDINGLY**, on this 17th day of June 2011, **IT IS HEREBY ORDERED THAT** Defendants' motions to dismiss Plaintiffs' requests for fees (Doc. Nos. 4, 5) are **GRANTED.**

---

[1] Local Rule 7.6 states that any party who fails to timely file a brief in opposition to a motion "shall be deemed not to oppose such motion."  M.D. Pa. L.R. 7.6.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
